UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

MICHAEL VASQUEZ,

        Plaintiff,

        -v-

C.O. HANXHURST, CORRECTION OFFICER,
CAPT. ANDERSON, Hearing Officer, and
C.O. LAWRENCE, Correction Officer,

        Defendants.

___

DECISION AND ORDER
11-CV-1054S



## PROCEDURAL BACKGROUND

Upon review of both plaintiff's *pro se* complaint (Docket No. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A, and a self-titled "Amended Complaint-Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure" (Docket No. 6), which the Court construed as a memorandum of law in support of the allegations set forth in the complaint as opposed to an amended pleading, the Court: (1) construed plaintiff's claims to allege, in part, a procedural due process violation but found that, as pled, said claims failed to state a claim for relief and granted plaintiff permission to file an amended complaint to allege specifically a procedural due process claim and how his rights to due process were allegedly violated;[1]

___

[1] The Court had found that a nine month SHU sanction stated a liberty interest protected by due process but that neither the complaint nor its attachments alleged how he was denied due process--*e.g.*, was he denied an opportunity to be present at the Hearing and present evidence, or was he denied an impartial hearing officer, etc.. (Docket No. 8, Decision and Order, at 7-8.)

The Court also noted that if plaintiff wished to pursue a due process claim, he had to file an affidavit or written statement that, pursuant to *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006), either clearly and unequivocally waved and forfeited any claims regarding that portion of the Tier III Superintendent's Hearing that effected the overall length of his sentence--*i..e.*, recommended loss of good time–or, if plaintiff was not willing to waive said claim, consented to the withdrawal of any and all procedural due process claims relating to the disciplinary sanction imposed following the Hearing. (Docket No. 8, Decision and Order, at 6-8.)

(2) dismissed with prejudice plaintiff's claims to the extent they alleged a violation of the Eighth Amendment to the United States Constitution's proscription against cruel and unusual punishment because said claims failed to state a claim upon which relief can be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b), and because leave to replead would be futile; and (3) dismissed without prejudice plaintiff's claims to the extent they alleged a retaliation claim in violation of the First Amendment but granted plaintiff permission to file an amended complaint to state an actionable claim of retaliation. (Docket No. 8, Decision and Order, at 11-16.) Plaintiff was advised that an amended complaint was intended to completely replace the prior complaint, and thus "renders [any prior complaint] of no legal effect." (Id., at 14 (internal quotation marks and citations omitted).)

Plaintiff filed an amended complaint, which alleges only cruel and unusual punishment (Docket No. 9) based on the same conduct set forth in the original complaint; a claim that was dismissed initially with prejudice with no leave to amend (Docket No. 8, Decision and Order, at 9-11).[2] Because plaintiff is *pro se* the Court will consider said claim again, pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b), but it is clear that the allegations set forth in the amended complaint again fail to state a claim upon which relief can be granted and must be dismissed with prejudice.

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court "shall dismiss [a] case at any time" in which *in forma pauperis* status has been granted if the Court determines

---

Plaintiff has not filed such an affidavit nor statement and his amended complaint does not contain a due process claim. (Docket No. (.)

[2]Plaintiff does not allege a claim of retaliation; a claim for which he was provided leave to amend.

2

that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

Plaintiff alleges that on November 5, 2011, he was walking back from lunch "in the winter" and was stopped outside in the yard by defendants and instructed to take off his coat, eye glasses, gloves, hat and sweatshirt and to place them on a table. (Docket No. 9, Section 5A, First and Second Claims, at 4-6, and copy of Plaintiff's Appeal from Superintendent's Tier III Hearing attached to amended complaint.[3]) Defendants told him the items would be confiscated and he then was taken to the Facility Hospital, after which he was served with a Misbehavior Report charging him with Violent Conduct, Unauthorized Exchange, Interference with an Employee, Refusing a Direct Order, and Threats. (*Id.*, at 5, and copy of Plaintiff's Appeal from Superintendent's Tier III Hearing.)

In order to establish a cruel and unusual punishment claim under the Eighth Amendment, a plaintiff must satisfy both an objective and subjective standard. *E.g.*, Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996). To satisfy the objective test, a plaintiff must show that the conditions of his confinement resulted "'in unquestioned and serious deprivations of basic human needs.'" Anderson v. Coughlin, 757 F.2d 33, 35

---

[3]See Chance v. Armstrong, 143 F.3d 698, 698 n.1 (2d Cir. 1998) ("the court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself"); *see also* Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

3

(2d Cir.1985) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). To satisfy the subjective test, a plaintiff must show that the defendants were deliberately indifferent to plaintiff's health or safety. *See Jolly*, 76 F.3d at 480; *see also Branham v. Meachum*, 77 F.3d 626, 630 (2d Cir. 1996) ("In the context of an Eighth Amendment claim based on prison conditions, a prisoner must prove that prison officials acted with 'deliberate indifference.' ")

"The Second Circuit has held that 'deliberate exposure of inmates by prison authorities to bitter cold . . . would be evidence of cruel and unusual punishment.' " *Silber v. Pallito*, 2011 WL 1225594 (D.Vt. Feb 07, 2011) (Report and Recommendation Adopted as Modified on different grounds, 2011 WL 12225588 (D.Vt., March 31, 2011) (quoting *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir.1988); and citing *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001) (holding that summary judgment for defendants was precluded where prisoner was subjected to temperatures near or well below freezing in his cell for a five-month period); and *Wright v. McMann*, 387 F.2d 519, 526 (2d Cir.1967) (vacating dismissal on the pleadings where complaint alleged that prisoner was twice deliberately exposed to bitter cold for periods of twenty-one days or more in filthy and unsanitary cell)). What appears clear from these cases is that the duration of the inmate's exposure to the bitter cold is significant. *Silber v. Pallito*, 2011 WL 1225594, at 9. As noted by the Second Circuit in *Gaston*, the "prolonged" periods of exposure may yield an Eighth Amendment violation. 249 F.3d at 164. Where such exposure was not been "prolonged," the claims have been denied. *Id.* (*citing Borges v. McGinnis*, 2007 WL 1232227, at *4–6 (W.D.N.Y. Apr.26, 2007) (keeping inmate,

4

clothed only in paper gown and slippers, with a thin mattress and no blanket, in a room with an open window that reduced the temperature to approximately 50 degrees for three days did not meet the objective element of an Eighth Amendment violation).

Based on all of the above, it is clear that plaintiff's allegations that he was told to remove his coat and other pieces of clothing and outerwear in the Yard and taken to the Facility Hospital, even in November and "in winter," are insufficient to state an actionable claim under the Eighth Amendment. The Court notes that plaintiff's appeal from the Superintendent's Hearing states that before walking two hundred feet to the Facility Hospital, he put his clothes back on and was then told he would receive a misbehavior report. The very limited period of time during which plaintiff was without his coat, hat, and sweatshirt simply does not rise to the level of an Eighth Amendment violation. *See Smith v. Burge*, 2006 WL 280524,2 at *7 (N.D.N.Y. Sept. 28, 2006) (confinement of inmate, for less than one day, in a T-shirt and underwear, in a cell with an open window, exposing him to "cold" or "very cold" temperatures, was *not* sufficiently prolonged or severe to rise to the level of an Eighth Amendment violation) (emphasis added)).

Accordingly, plaintiff's amended complaint must be dismissed pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A, and further leave to amend is denied. *See, e.g., Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (a district court need not grant leave to amend where an amendment would be "futile.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's amended complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated: JAN. 24, 2013
Rochester, New York

_Charles J. Siragusa_
CHARLES J. SIRAGUSA
United States District Judge